[Civ. No. 15666. Second Dist., Div. One. July 2, 1947.]

PEARL MARIE LONG, Appellant, v. PAUL WILCOX LONG, Respondent.

[Civ. No. 15650. Second Dist., Div. One. July 2, 1947.]

PEARL MARIE LONG, Respondent, v. PAUL WILCOX LONG, Appellant.

William Ellis Lady for Appellant.

Charles G. Young for Respondent.

DORAN, J.—This is an appeal from an order in a divorce action relating to the payment of alimony.

The parties were married February 14, 1923. Defendant husband left plaintiff January 5, 1940. Plaintiff filed an ac-

tion for separate maintenance April 3, 1940. By cross-complaint and amendments the action resulted in one for divorce as a result of which plaintiff obtained judgment November 28, 1940. The decree provided for the payment of $75 per month, "by way of support of plaintiff and the minor child of the parties hereto." Defendant husband paid said sum until February 27, 1946, when the minor child became 21 years of age.

In March, 1946, the husband sought to have the above-mentioned order for the payment of $75 per month terminated. Following a hearing on an order to show cause the order was modified and said payments reduced to $40 per month.

Both parties appeal from the order.

■ It is contended by each in substance that the court abused its discretion. Counsel on behalf of the wife argues, "we think the trial judge should have increased the allowance or at least permitted it to remain where it was since the cost of living had and has more than doubled and defendant's earnings had and have more than trebled. Accordingly, we ask that the order made about March 13, 1946, and entered about March 20, 1946, be reversed with directions to the trial court to fix the amount of money the defendant should pay to plaintiff for her support and maintenance and that it be fixed at a sum not less than $100.00 per month, or such other amount as the court may deem proper."

It is defendant husband's contention that no further payments should be required at all and in that connection counsel on behalf of the husband argues, in addition to the contention that the court abused its discretion, that the evidence was insufficient; that the court lacked jurisdiction and that the order was "not equitable."

A review of the record reveals that there can be no question as to the court's jurisdiction, nor can it be successfully contended that the evidence was insufficient. The sole issue here is whether the court abused its discretion. In that connection the showing of both appellants is insufficient, in which circumstances the order cannot lawfully be disturbed on appeal.

The order therefore is affirmed.

York, P. J., and White, J., concurred.

A petition by appellant in No. 15666 for a hearing by the Supreme Court was denied August 28, 1947.